[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO SUPPRESS
By motion dated March 6, 1997, the defendant moves to suppress any and all property seized pursuant to two search warrants dated February 6, 1996, on the grounds that the seizure violated the Fourth Amendment of the United States Constitution and Article First, Section Seven of the Connecticut Constitution. One warrant seeks permission to search the residence of the defendant at 112 Constitution Street, Wallingford, Connecticut. The other seeks permission to search a 1992 Ford pickup truck owned by the defendant. The warrants rely on identical affidavits. The defendant argues that the facts set forth in the CT Page 9211 affidavits are insufficient to establish probable cause.
On February 8, 1996, Rocky Hill Police Department detectives executed the search warrants at the defendant's residence and upon his vehicle. As a result of those searches, the police seized an amount of marijuana and drug paraphernalia. The defendant is charged with possession of a controlled substance with intent to sell under C.G.S. § 21a-277(b), conspiracy to possess a controlled substance with intent to sell under C.G.S. sec; 21a-277(b), possession of marijuana under C.G.S. §21a-279(c) and use of drug paraphernalia under C.G.S. § 21a-267(a).
In deciding a challenge to the validity of a search warrant, the trial court is guided by well established standards. This court does not conduct a de novo review but rather determines "whether the affidavit at issue presented a substantial factual basis for the magistrates's conclusion that probable cause existed." State v. Duntz 223 Conn. 207, 215 (1992). "Probable cause to search exists if: 1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and 2) there is probable cause to believe that the items named will be found in the place to be searched."223 Conn. at 215-216. Generally, probable cause is found when an impartial and reasonable mind would not merely suspect or conjecture but would be reasonably persuaded by the facts to believe that criminal activity has occurred. In making this determination a magistrate is entitled to draw reasonable inferences from the facts presented. State v. Barton,219 Conn. 529, 544 (1991). The Barton court has summed up the reviewing court's role as follows:
 When a magistrate has determined that the warrant affidavit presents sufficient objective indicia of reliability to justify a search and has issued a warrant, a court reviewing that warrant at a subsequent suppression hearing should defer to the reasonable inferences drawn by the magistrate. Where the circumstances for finding probable cause are detailed, where a substantial basis for crediting the source of information is apparent, and when a magistrate has in fact found probable cause, the reviewing court should not invalidate the warrant by application of rigid analytic categories.
 219 Conn. 544-545.
The warrant at issue here contains information from a concerned citizen beginning in December 1995 to the date of the CT Page 9212 issuance of the warrant. The December 1995 information is that a Joseph Lombardo sells marijuana from his residence in Rocky Hill and has a partner whose name is Dan Chiulli. Mr. Lombardo acquires his supply from New York and the New Haven area. In January 1996, the concerned citizen reports that Mr. Lombardo went to New Haven or Wallingford to get a supply of marijuana and cocaine and that one of his suppliers was "Paul" who operated a used car dealership in Wallingford. The concerned citizen also reports that he was in Mr. Lombardo's apartment the week before Christmas and saw a large garbage bag of marijuana. The concerned citizen then reports that he was again in Mr. Lombardo's apartment the week of January 13, 1996, and again observed a large garbage bag of marijuana. On February 8, 1996, the concerned citizen is interviewed by the Rocky Hill Police Department and becomes a confidential informant. The confidential informant then tells the police that Mr. Lombardo makes two trips per week to Wallingford. "where he picks up large quantities of marijuana from PAUL (who owns a used car dealership), and who was described as a white male, almost six feet tall, about 38 years old, who has dark hair and another person BOB."(par; 15). The confidential informant tells the police that Mr. Lombardo told the confidential informant that he gets his supply of drugs from Paul and Bob and then resells the drugs. The police confirms the accuracy of the concerned citizen/confidential informant's information as to the addresses, business and description of Paul Motta.
In this lengthy affidavit Bob or Robert Bateman appears in four more paragraphs. Paragraph 12 describes the telephone toll records for the telephones of Robert Chiulli and Joseph Lombardo for the period December 1, 1995 and January 29, 1996. In (C)and(D), Robert Bateman's telephone number appears to have been called six times from Mr. Lombardo's telephone and twenty one times from Mr. Chiulli's.[1] In ¶ 16, the Wallingford Police reports that since 1991 and 1992 they had information "indicating Robert Bateman sold multiple pounds of marijuana". That information came from a known confidential informant who also reported Robert Bateman was seen possessing fifty pounds of marijuana and selling fifteen pounds to an unidentified person. In ¶ 17, the Wallingford Police advises the affiants that they conducted a surveillance of Robert Bateman s residence at 112 Constitution Street, Wallingford and saw him operate a Ford pickup truck with a license plate "495CRY". Finally, in ¶ 24, the Wallingford Police Department relates that Mr. Motta and Mr. Bateman attended high school together, although Mr. Bateman graduated in 1980 and Mr. Motta was a freshman beginning in 1979. CT Page 9213 Paragraph 24 concludes as follows:
 On February 8, 1996, Sgt. D'Onofrio(Wallingford P.D.)contacted Sgt. Rossi and said he received information from a known, reliable and credible person; who has provided the Wallingford P.D. Narcotics Unit with more than 50 pieces of information since 1989 regarding narcotics. That person told them he/she is familiar with both Bateman and Motta, has purchased drugs from both Bateman and Motta, knows they are friends, and last week he/she observed both Bateman and Motta together at Paul's Auto Sales in Wallingford, CT.
Under the "totality of circumstances" test adopted by our Supreme Court, the magistrate issuing the warrant considers the elements of the Anguillar-Spinelli test and, if the warrant fails that test, considers other circumstances set forth in the warrant to determine if there are "other objective indicia of reliability" to find probable cause. Here, even assuming the reliability and veracity of the confidential informant, there are insufficient facts to establish a substantial basis for a finding of probable cause as to Robert Bateman.[2] Paragraph 24 of the affidavit provides information linking Mr. Bateman to the sale of drugs with Mr. Motta, but it is undated information. The fact that Mr. Bateman and Mr. Motta attended the same high school and are now seen together as friends does not establish probable cause. The confidential informant's story regarding Mr. Lombardo's purchase from Mr. Motta and "Bob", even if taken as true and reliable, does not establish enough to take this beyond suspicion and conjecture. Unlike the information on Mr. Motta there is no description of "Bob" and no last name. The information that Robert Bateman was selling "multiple pounds of marijuana" in 1991 and 1992 is clearly stale for a 1996 warrant. See State v. Bova, 240 Conn. 210, 232-233 (1997). Further, other than telephone calls from Messrs. Lombardo and Chiulli and the police simply establishing Mr. Bateman's residence and the identity of his vehicle, no information set forth in the affidavit relates to either Mr. Bateman's residence or his vehicle.
"We have held that probable cause means more than mere suspicion, and that "even strong reason to suspect, [is] not sufficient to constitute probable cause. . . ." (Internal quotation marks omitted) State v. Shifflett, supra, 748. Moreover, "'physical entry of the home is the chief evil against which the . . . Fourth Amendment is directed, ' and unless Government safeguards its own capacity to function and to preserve the security of its people, society itself could become so disordered CT Page 9214 that all rights and liberties would be endangered.' United Statesv. United States District Court, 407 U.S. 297, 312, 313,92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). State v. Duntz, 223 Conn. 207, 220
(1992). While there are grounds to suspect Mr. Bateman of criminal conduct they are not sufficient to constitute probable cause.
The Motion to Suppress is granted. The warrant lacks a substantial basis to conclude that probable cause existed to search Robert Bateman's residence and vehicle.
DiPentima, J.